## RONCA v. WENDELL & EVANS CO.

(Supreme Court, Appellate Division, Second Department. January 15, 1915.)

1. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—GUARDING MACHINERY —EVIDENCE.

Evidence *held* to sustain a finding that a steam mangle was not properly guarded, as required by the Labor Law (Consol. Laws, c. 31).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—GUARDING MACHINERY—EVIDENCE.

The testimony of the general manager that it was not practicable to place a guard immediately in front of the roller in a steam mangle is not conclusive on the question whether any guard was practicable, and the question is for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 121*)—INJURY TO SERVANT—GUARDING MACHINERY —EVIDENCE.

The novelty of a casualty causing injury to an employé does not relieve from liability the employer failing to guard the machinery, which failure was the proximate cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

4. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

A verdict for $12,000 for a loss of the left hand of a woman 15 years old, earning $4.50 per week, is excessive, and must be reduced to $9,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from Trial Term, Kings County.

Action by Fannie Ronca, an infant, by Giovanni C. Ronca, her guardian ad litem, against the Wendell & Evans Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Conditionally affirmed.

See, also, 150 N. Y. Supp. 1109.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

Hector M. Hitchings, of New York City, for appellant.

John C. Robinson, of New York City, for respondent.

JENKS, P. J. This is an action for negligence, brought by servant against master, wherein the former gained the verdict at trial term. There are but two features that require discussion.

[1] The hand of the infant plaintiff, when she was placing a napkin in a steam mangle, was caught in the machinery thereof, was injured, and was amputated a few days thereafter. One of the alleged negligences was a violation of the Labor Law in not properly guarding the machinery. The napkin was placed by the plaintiff first upon a convex brass table that was a part of the mangle, and thereupon the napkin was pushed by her under a small roller 2 inches in diameter, made of steel and covered with felt, whence it emerged to be taken up by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

151 N.Y.S.—17

the ironing rollers. This was the usual course. The defendant adduced evidence to show that this first roller was "a guard," so meshed that, if the fingers of the "feeder" (i. e., the person who placed on the table the napkin or other article to be ironed) by chance or by mishap came in contact with such roller, they were pinched as a warning, and if any substance of any thickness went under the said roller, the said roller was so meshed that it was thereby raised, and the cogs went out of mesh. The proof that this roller was "a guard" was given by Mr. Hopson, the general manager of the defendant, and by Mr. Blake, who had been a foreman for the defendant at the time of this casualty.

The learned counsel for the respondent argued that defendant's contention that this roller was a "guard" was met completely by the fact that it revolved inwards from the "feeder." Although this criticism is not conclusive, it should be considered. But defendant's witness Martin, a worker in the laundry, in describing the machine, calls this roller a "little guide roller," and in another part of her testimony describes it as "a guide roller." And defendant's manager, on cross-examination, was asked:

"Q. Isn't the purpose of that roller to grip the napkin and pull it in? A. No. Q. What is the purpose of it? A. To guard the hand against going in there. Q. Why did it revolve? A. Why, to help the goods in. Q. To pull the goods in; isn't that so? A. To help them in. Q. To pull them in? A. No. Q. What do you mean when you say 'to help them in'? A. When you push the goods under it, it carried them in; it didn't pull it."

Considering both the action and the relation of this first roller to the ironing rollers, it cannot be said that this description of it as a "guide roller" is a misnomer. Calling a part of machinery a "guard" does not make it one, nor does the fact that *incidentally* it might serve either to warn or to protect the servant against danger. The jury could have concluded that the roller was not a guard, but was a part of the machinery designed to carry in the napkin (or other article) to the ironing cylinders. The evidence is neither so clear nor so credible as to take the question of proper guarding from the jury, or to disturb its verdict upon that question.

[2] The jury might have concluded that this roller was not a proper guard within the eye of the law; for there was proof that, despite it, the plaintiff's hand, when at its usual work, was caught and held beneath it and an ironing roller. Even Blake and Martin, witnesses for the defendant, so testify. There was no proof that no other kind of guard, nor any additional guard, was possible. On his cross-examination, Mr. Hopson did testify that it would not be "practicable" for a guard "to be placed immediately in front of the roller"; but that answer is not exhaustive of the question whether any other guard was practicable.

[3] The learned counsel for the appellant urges the novelty of the casualty; but, as the jury could have found that there was no guard at all within the contemplation of the law, this plea is not enough to absolve the defendant.

[4] We think that the verdict is excessive. The infant was a young woman, 15 years old at the time of the casualty, and was in receipt

of $4.50 a week. She has lost her left hand. We think that the verdict of $12,000 should be reduced to $9,000, and that the judgment, as so reduced, and the order, should be affirmed, but without the costs of this appeal. If the plaintiff does not accept the reduction within 20 days, a new trial should be granted; costs to abide the event. All concur.

---

## RONCA v. WENDELL & EVANS CO.

(Supreme Court, Appellate Division, Second Department. January 15, 1915.)

Appeal from Trial Term, Kings County.

Action by Giovanni C. Ronca against the Wendell & Evans Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See, also, 150 N. Y. Supp. 1109.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

